J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

Attorneys for X CORP., as successor in interest to Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE:  SUBPOENA TO X CORP., Successor in Interest to TWITTER, INC.* | Case No. 4:23-mc-80122-DMR<br><br>**RESPONSE OF X CORP. TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Date:   June 8, 2023<br>Time:   1 p.m.<br>Ctrm.:  4, 3rd Floor<br>Judge: Chief Magistrate Judge Donna M. Ryu |

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................................1

ARGUMENT........................................................................................................................................1

    I.    First Amendment Standard for Unmasking an Anonymous Speaker ...................................1

    II.   Balancing Test under the California Constitutional Right of Privacy ..................................3

CONCLUSION......................................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*In re Anonymous Online Speakers*,
   661 F.3d 1168 (9th Cir. 2011) ................................................................................................2

*Buckley v. American Constitutional Law Foundation, Inc.*,
   525 U.S. 182 (1999) ................................................................................................................2

*Henderson v. Lamarque*,
   2002 U.S. Dist. LEXIS 10636 (N.D. Cal. June 6, 2002) ........................................................3

*Hexcel Corp. v. Ineos Polymers, Inc.*,
   681 F.3d 1055 (9th Cir. 2012) ................................................................................................3

*Music Grp. Macao Com. Offshore Ltd. v. Does*,
   82 F. Supp. 3d 979 (N.D. Cal. 2015) ......................................................................................4

*Remington v. Mathson*,
   2017 U.S. Dist. LEXIS 96050 (N.D. Cal. June 20, 2017) ......................................................3

*Reno v. ACLU*,
   521 U.S. 844 (1997) ................................................................................................................2

*In re Zoom Video Commc'ns Inc. Privacy Litig.*,
   525 F. Supp. 3d 1017 (N.D. Cal. 2021) ..................................................................................3

## STATE CASES

*Digital Music News LLC v. Superior Court*,
   226 Cal. App. 4th 216 (2014) .................................................................................................3

*Glassdoor, Inc. v. Superior Ct.*,
   9 Cal. App. 5th 623 (2017) ..............................................................................................2, 3

*Krinsky v. Doe 6*,
   159 Cal. App. 4th 1154 (2008) ...............................................................................................2

*Rancho Publ'ns v. Superior Court*,
   68 Cal. App. 4th 1538 (1999) .................................................................................................2

*Williams v. Superior Court*,
   3 Cal.5th 531 (2017) ...............................................................................................................3

*Yelp Inc. v. Super. Ct.*,
   17 Cal. App. 5th 1 (2017) .......................................................................................................2

**FEDERAL STATUTES**

18 U.S.C. §§ 2510 *et seq.* ................................................................................................................ 1

18 U.S.C. §§ 2701 *et seq.* ................................................................................................................ 1

# INTRODUCTION

Plaintiff Ricardo Silva is pursuing claims in federal court in Florida against Doe defendants (the "John Doe Defendants"), claiming they defamed him using anonymous accounts on various platforms.  Relevant here as to X Corp., as successor in interest to Twitter, Inc. ("Twitter"), Plaintiff alleges that "John Doe 3" used an anonymous Twitter account with username @SOSSilva7 (the "Anonymous Twitter Account") to defame him.  Plaintiff seeks an order from this Court requiring Twitter to produce certain data regarding that account, in hopes that it will help identify John Doe 3 to enable Plaintiff to pursue his claims.

Twitter has met and conferred with Plaintiff, and Twitter's response here is premised on an agreement that Plaintiff is asking for an order from this Court to produce data that is limited to basic subscriber information ("BSI"), including IP logs, that Twitter may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* ("SCA").  Specifically, Plaintiff has agreed its request is limited to first name, last name, email address, phone number if entered, and IP logs, to the extent they exist, that are associated with the Anonymous Twitter Account. Declaration of J. Jonathan Hawk, at ¶¶ 2-3.  Plaintiff is <u>not</u> seeking an order as to any of the remaining items in his "Amended Subpoena," attached as Exhibit 6 to the Declaration of Adam Stolz In Support of Plaintiff's Motion to Compel  ("Stolz Declaration").

In light of and subject to that agreement, Twitter refrains from taking a position on the merits of Plaintiff's Motion to Compel Third-Party Twitter, Inc. to Respond to Subpoena (the "Motion").  Instead, Twitter respectfully requests that this Court review and consider the First Amendment safeguards before Plaintiff is permitted to unmask the identity of an anonymous speaker, and evaluate whether there is a compelling need for the discovery that outweighs the privacy rights of the speakers under the California Constitutional right of privacy, with the relevant legal standards set forth below.

# ARGUMENT

**I.     First Amendment Standard for Unmasking an Anonymous Speaker**

Plaintiff through his Amended Subpoena and Motion, is seeking to unmask the identity of a

John Doe Defendant, i.e., "John Doe 3." Anonymous speech on the Internet is protected by the First Amendment of the United States Constitution and the right of privacy in article I, section 1 of the California Constitution. *See Buckley v. American Constitutional Law Foundation, Inc*., 525 U.S. 182, 199–200 (1999); *Reno v. ACLU*, 521 U.S. 844, 870 (1997); *Krinsky v. Doe 6,* 159 Cal. App. 4th 1154, 1164, 1170-72 (2008); *Rancho Publ'ns v. Superior Court*, 68 Cal. App. 4th 1538, 1540–41 (1999); *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) ("As with other forms of expression, the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism.'") (citation omitted). U.S. Const., amend. 1; Cal. Const. art. 1, § 1.

A service provider, such a Twitter, has standing to assert the rights of account holders. *See, e.g., Yelp Inc. v. Super. Ct*., 17 Cal. App. 5th 1, 13 (2017) (holding that a website host has standing to assert the First Amendment rights of persons who post anonymously to its website, as against an effort to compel identification of those persons); *Glassdoor, Inc. v. Superior Ct*., 9 Cal. App. 5th 623, 629 (2017) (finding that a communications provider which receives a subpoena asking it to identify a subscriber who posted anonymously on its platform is "entitled to assert the First Amendment interests of [its] anonymous contributors in maintaining anonymity."). Before a service provider may be compelled to unmask an anonymous speaker, (1) a reasonable attempt to notify the account holder of the request and the lawsuit must be made; and (2) the petitioner must make a prima facie, with evidence, showing of the elements of the asserted cause of action. *See Krinsky*, 159 Cal. App. 4th at 1161; *Glassdoor,* 9 Cal. App. 5th at 623 (affirming the *Krinsky* requirements and the standard for protecting online speakers).

Plaintiff here has attached to the Stolz Declaration, as an exhibit, the Complaint filed against the John Doe Defendants (the "Complaint"). *See* Exhibit 1, Stolz Declaration. In the Complaint, Plaintiff brings the following causes of actions: Defamation (Libel) (Count I), Defamation (Libel) Per Se (Count II), Defamation (Libel) by Implication (Count III), Intentional Infliction of Emotion al Distress (Count IV), and Injunction – Stalking (Count V). *Id*. ¶¶ 39-63. Under *Krinsky*, Plaintiff must prove, with evidence, a prima facie case for all of the causes of action in

the Complaint.

As above, Twitter takes no position on the merits of Plaintiff's Motion. Twitter merely notes that it is unclear whether Plaintiff has supported his motion with *evidence* sufficient to make a prima facie case. "In any action predicated on anonymous speech, regardless of legal theory, the plaintiff should not be able to discover the speaker's identity without first making a prima facie showing that the speech in question is actionable." *Glassdoor, Inc.*, 9 Cal. App. 5th at 634. Indeed, under *Krinsky*, a plaintiff must "make a prima facie showing that a case for defamation exists" by "setting forth *evidence* that a libelous statement has been made." *Id.* (emphasis added). California courts have described "the required quantum of evidence" as evidence "that will support a ruling in favor of [the plaintiff] if no controverting evidence is presented…it may be slight evidence which creates a reasonable inference of fact sought to be established but need not eliminate all contrary inferences." *Id.* at 405.

Plaintiff's Motion is supported by allegations in his Complaint and two declarations from his counsel citing to those allegations. Those are generally not admissible evidence. *See, e.g., Remington v. Mathson*, No. 17-cv-02007-JST, 2017 U.S. Dist. LEXIS 96050, at *18 (N.D. Cal. June 20, 2017) ("allegations in the complaint are not evidence"); *Henderson v. Lamarque*, No. C 00-4664 VRW (PR), 2002 U.S. Dist. LEXIS 10636, at *9 (N.D. Cal. June 6, 2002) ("Plaintiffs allegations in the operative complaint will not do because they are not admissible evidence."); *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) ("declarations not based on personal knowledge are inadmissible "); *In re Zoom Video Commc'ns Inc. Privacy Litig.*, 525 F. Supp. 3d 1017, 1042 (N.D. Cal. 2021) (same). Twitter merely raises this issue for the Court's consideration.

## II. Balancing Test under the California Constitutional Right of Privacy

The California Constitutional right of privacy requires a plaintiff to make a showing that there is a compelling need for the discovery that outweighs the privacy rights of the speakers. *Digital Music News LLC v. Superior Court*, 226 Cal. App. 4th 216, 230 (2014), *disapproved on other grounds in Williams v. Superior Court*, 3 Cal.5th 531, 557, fn. 8 (2017) ("*Digital Music*"); *see also see also Williams,* 3 Cal.5th at 557 ("Invasions of fundamental interests must be

supported by a compelling need that overcomes the grave invasion of privacy"); *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 982 (N.D. Cal. 2015) (withdrawing prior order because the speaker's "First Amendment rights outweigh[ed] plaintiffs' need for the requested information[]").

Under this factor, Plaintiff must establish that he has a compelling need for the user data he seeks relating to the Anonymous Twitter Account, which would thereby unmask the identity of the John Doe Defendant. Twitter again notes this part of the analysis, does not take a position on whether Plaintiff has satisfied it, and respectfully leaves it to the Court to analyze.

## CONCLUSION

Twitter respectfully requests that the Court consider the First Amendment safeguards required before Plaintiff is permitted to unmask the identity of an anonymous speaker, and evaluate whether there is compelling need for the discovery -- as limited by the agreement between Twitter and Plaintiff -- that outweighs the privacy rights of the speakers under the California Constitutional right of privacy.

Dated: May 4, 2023                          WHITE & CASE LLP

By: /s/  J. Jonathan Hawk
        J. Jonathan Hawk

Attorneys for X CORP., as successor in interest to Twitter, Inc.